The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and SALVATORE FERRAGAMO S.P.A., an Italian corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LI YONG, an individual d/b/a PHIL BALDINIE; YANTAITIANMINGWANGLUOKEJIYOUXIANGONGSI, a Chinese entity d/b/a PHIL BALDINIE; WU PIANPIAN, an individual d/b/a HEFEI YANZI TRADING COMPANY; HEFEIZANZISHANGMAOYOUXIANGONGSI, a Chinese entity d/b/a HEFEI YANZI TRADING COMPANY; and DOES 1-10,<br><br>Defendants. | No. 2:21-cv-00170-RSM<br><br>**PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**<br><br>NOTE ON MOTION CALENDAR: MARCH 31, 2021 |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Amazon.com, Inc. ("Amazon") and Salvatore Ferragamo S.p.A. ("Ferragamo") (collectively, "Plaintiffs") respectfully move the Court for an order granting leave to serve third-party subpoenas prior to the Rule 26(f) conference in order to obtain records relating to the identities and locations of Defendants. Specifically, Plaintiffs seek leave to serve subpoenas on banks, virtual private server/internet service providers, and email service providers in order to discover information regarding Defendants' current whereabouts, the identities of the Does who conspired with them to perpetrate their counterfeiting operation, and



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

the location of the unlawful proceeds of that operation. This expedited discovery will allow Plaintiffs to obtain additional information about the Defendants—bad actors responsible for perpetrating an unlawful counterfeiting scheme through which they advertised and sold counterfeit luxury fashion products in the Amazon store, willfully deceiving Amazon, Ferragamo, and their customers. Without such expedited discovery, Plaintiffs cannot determine the current locations of the Defendants and the identities of other bad actors involved in the scheme, and Plaintiffs will be left without a means to recover from Defendants' harm.

## II. BACKGROUND

### A. Plaintiffs' Claims

On February 11, 2021, Plaintiffs filed a Complaint alleging claims for trademark infringement, false designation of origin, and false advertising under the Lanham Act, and violation of the Washington Consumer Protection Act. Complaint, Dkt. 1 ("Complaint") at ¶¶ 49-76. Plaintiffs' claims arise from Defendants' unlawful sale of belts utilizing Ferragamo Trademarks without authorization on Amazon.com. Defendants used deceptive means to obscure the products' counterfeit nature, including using images of the counterfeit products without the Ferragamo word mark in an attempt to evade Amazon's anti-counterfeiting Automated Brand Protection Algorithm. When Defendants opened their Amazon Selling Accounts, they provided U.S.-based addresses and banking information for each account. Defendants' Amazon Selling Accounts are also each associated with addresses in China, but upon further investigation the address appears to be invalid. Declaration of Michael Kettner in Support of Plaintiffs' Motion for Expedited Discovery ("Kettner Decl.") ¶¶ 2-4. Plaintiffs have unsuccessfully attempted service on Defendants at each U.S-based address where Defendants may be located based on Amazon's internal and external investigations. Declaration of Anna R. Buono in Support of Plaintiffs' Motion for Expedited Discovery ("Buono Decl.") ¶¶ 2-4. One address was an abandoned building with a "for rent" sign. *Id.* ¶ 4. The other address was a shipping warehouse, and the foreman informed the process server that he did not recognize any of Defendants' names. *Id.* ¶ 3. Therefore, Plaintiffs have been unable to serve Defendants.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

### B. Amazon Selling Accounts

Amazon offers third-party resellers and brand owners the ability to sell products in the Amazon store by registering an Amazon Selling Account ("Selling Account"). The Defendants operated two Selling Accounts through which they unlawfully sold counterfeit products. Complaint ¶¶ 31-33, 39-45. Through their illegal actions, the Defendants willfully deceived Plaintiffs and their customers, harmed the integrity of the Amazon store, tarnished Amazon's and Ferragamo's brand, infringed Ferragamo's intellectual property rights, and damaged Amazon's and Ferragamo's customers. *Id.* ¶¶ 53, 60, 67, 70, 75. The Defendants' illegal actions breached numerous provisions of the Amazon Services Business Solutions Agreement ("BSA"), which entitles Amazon to injunctive relief to stop the Defendants from infringing others' intellectual property rights. *Id.* ¶¶ 35, 67. The Defendants' actions constitute trademark infringement under the Lanham Act, 15 U.S.C. § 1114, false designation of origin and false advertising under the Lanham Act, 15 U.S.C. § 1125, and unfair and deceptive acts under the Washington Consumer Protection Act, RCW 19.86.010, *et seq.*, for which Plaintiffs seek equitable relief and their costs and attorneys' fees. *Id.* ¶¶ 49-76.

### C. Plaintiffs' Investigation of Defendants

Plaintiffs have made significant, ongoing attempts to identify and locate the Defendants, with limited success. When the Defendants opened their Selling Accounts, they provided names, addresses, and banking information for each account and have supplemented their Selling Accounts with additional information. Kettner Decl. ¶¶ 2-4.

#### 1. Li Yong and Yantai Tianming Network Technology Co., Ltd.[1] d/b/a Phil Baldinie

Based on its investigations, Amazon determined that Defendants Li Yong and Yantai Tianming Network Technology Co., Ltd, d/b/a Phil Baldinie ("Phil Baldinie Defendants") was associated with two addresses: 20898 Currier Rd Unit B, Walnut, CA 91789, and 2700 Angier Ave., Bldg. A, Suite C, Durham, NC 27703. *See* Kettner Decl. ¶ 3. Attempts to serve the Phil

---

[1] Defendant Seller Account "Yantaitianmingwangluokejiyouxiangongsi," shall be referred to by its English translation, "Yantai Tianming Network Technology Co., Ltd."



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Baldinie Defendants at these addresses were unsuccessful, however. When the process server attempted to serve the Walnut, California address, he found a vacant building with a "for rent" sign. Buono Decl. ¶ 4. The process server that attempted service on the Durham, North Carolina address found a warehouse at the associated address, and was informed by the foreman that no person affiliated with the names on the Selling Account resided there. *Id.* ¶ 3. Additionally, the email address for the Selling Account is shaowo19840218@163.com. Kettner Decl. ¶ 3. The @163.com email domain is a free e-mail service popular in China that is operated by the Chinese-based technology company, NetEase. *Id.*

### 2. Wu Pianpian and Hefei Zanzi Trading Co., Ltd.[2] d/b/a Hefei Yanzi Trading Company

Based on its investigations, Amazon determined that Defendants Wu Pianpian and Hefei Zanzi Trading Co., Ltd., d/b/a Hefei Yanzi Trading Company ("Hefei Yanzi Trading Company Defendants") was associated with the same Durham address as the Phil Baldinie Defendants address—20898 Currier Rd Unit B, Walnut, CA 91789. *Id.* ¶ 4. Attempts to serve the Hefei Yanzi Trading Company Defendants at this address were also unsuccessful. When the process server attempted to serve the Walnut, California address, he found a vacant building with a "for rent" sign. Buono Decl. ¶ 4. Additionally, the email address for the Selling Account is guanse722@163.com. Kettner Decl. ¶ 4. The @163.com email domain is a free e-mail service popular in China that is operated by the Chinese-based technology company, NetEase. *Id.*

### 3. Third Party Banks, Email Providers, and Internet Service Providers Associated With Defendants

Plaintiffs have determined through investigation that the Defendants' two Selling Accounts are associated with bank accounts at First Century Bank, which, on information and belief, is acting as an automated clearinghouse ("ACH") for a company called Payoneer. Kettner Decl. ¶¶ 3-4; Buono Decl. ¶ 6. In cases with similar fact patterns, Amazon has issued

---

[2] Defendant Seller Account "Hefeizanzishangmaoyouxiangongsi" shall be referred to by its English translation, "Hefei Zanzi Trading Co., Ltd."



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

subpoenas to First Century Bank for financial records associated with Selling Accounts. First Century Bank has responded that the records requested within the subpoena were created and maintained by Payoneer, as part of a "special use account" opened exclusively to receive ACH funds. After Payoneer confirmed it will accept subpoenas relating to First Century Bank accounts, Amazon proceeded to reissue subpoenas to Payoneer, which in turn produced responsive documents. Buono Decl. ¶ 6. Amazon has also determined through investigation that the Selling Account opened under the names Wu Pianpian and Hefei Zanzi Trading Co., Ltd., d/b/a Hefei Yanzi Trading Company, is associated with bank accounts at Citibank and Wells Fargo. Kettner Decl. ¶ 4.

The domain for the email addresses used to register both Selling Accounts is @163.com, a free e-mail service popular in China that is operated by the Chinese-based technology company, NetEase. Kettner Decl. ¶¶ 3-4.

**D. Requested Discovery**

Expedited discovery through third-party subpoenas to the financial institutions associated with the bank accounts and credit cards linked to the Selling Accounts as well as the U.S.-based ISP for certain email addresses linked to the Selling Accounts will likely uncover crucial information about the counterfeiting operation and the individuals behind it, both known and unknown. Buono Decl. ¶ 7. Because Plaintiffs' proposed expedited discovery is focused, both in scope and as to the third parties Plaintiffs wish to serve, the request is targeted to accomplish the goals authorized by law as set forth above—to identify unknown Defendants, locate the current whereabouts of known and unknown Defendants, and obtain key information about the location of counterfeit goods and proceeds from their sale. Accordingly, Plaintiffs respectfully request that the Court authorize expedited discovery through third-party subpoenas relating to the allegations and claims in this case to First Century Bank, Payoneer, Citibank, N.A., Wells Fargo, and NetEase Information Technology Corporation, the U.S.-based ISP for certain email addresses associated with the Selling Accounts. *See id.*



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

## III. ARGUMENT

### A. The Court Should Authorize Early Discovery to Locate Defendants and Other Potential Bad Actors

Federal Rule of Civil Procedure 26 provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Although the Ninth Circuit has not directly defined the standard for allowing expedited discovery, "courts in this jurisdiction require that the moving party demonstrate that 'good cause' exists to deviate from the standard pretrial schedule." *Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) (Martinez, J.); *Microsoft Corp. v. Mai*, 2009 WL 1393750, at *5 (W.D. Wash. May 15, 2009) (Jones, J.); *Renaud v. Gillick*, 2007 WL 98465, at *2 (W.D. Wash. Jan. 8, 2007) (Lasnik, J.).

"Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Microsoft Corp.*, 2009 WL 1393750, at *5 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Courts routinely allow early discovery where it will "substantially contribute to moving th[e] case forward" and is "narrowly tailored" for that purpose. *Semitool*, 208 F.R.D. at 277. The relevant factors in assessing good cause are the requesting party's diligence, its intent in seeking the requested information, and whether the opposing party will be prejudiced if the Court grants the motion. *See Renaud*, 2007 WL 98465, at *3; *Music Grp.*, 2014 WL 11010724, at *1-2. Each factor supports granting Plaintiffs' motion:

#### 1. Plaintiffs' Diligence

Plaintiffs have been diligent in attempting to uncover the identities and locations of the Defendants and the other bad actors responsible for the illegal counterfeiting scheme alleged in the Complaint. Plaintiffs have attempted to identify and locate Defendants through: (1) attempting to locate Defendants who registered their Selling Accounts with U.S. addresses through a process server (Buono Decl. ¶¶ 2-4; *see also id.* Ex. A); (2) using investigative and law enforcement tools including Thomson Reuters' investigative software, CLEAR, and



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

TransUnion's software, TLO, to attempt to locate Defendants (Buono Decl. ¶ 5, Kettner Decl. ¶¶ 7); (3) examining the information Defendants provided to Amazon when creating their Selling Accounts (Kettner Decl. ¶¶ 3-4); (4) searching public records for the names and addresses provided by Defendants in creating their Selling Accounts (Kettner Decl. ¶ 7); and (5) tracing the IP addresses for the computers through which logins to these Selling Accounts were made (*id*). Despite these extensive efforts, Plaintiffs have been unable to locate the current whereabouts of the Defendants. Accordingly, this factor supports granting Plaintiffs leave to conduct expedited discovery.

**2. Plaintiffs' Intent**

Plaintiffs seek information about the persons behind the counterfeiting scheme in order to hold them legally accountable for their misconduct. Plaintiffs reasonably believe they can determine the Defendants' identities and locations through limited expedited discovery of third-party companies. The Ninth Circuit has repeatedly recognized the propriety of such expedited discovery into the identities of defendants. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *see also Young v. Transp. Deputy Sheriff I*, 340 F. App'x 368, 369 (9th Cir. 2009), *cert. denied* 558 U.S. 1096 (2009) (vacating judgment and remanding to district court to allow plaintiff the opportunity to discover the identity of two unknown deputy sheriff defendants). Because Plaintiffs' intent is to "advance the litigation and save judicial resources," *Renaud*, 2007 WL 98465, at *3, this factor supports granting Plaintiffs leave to conduct expedited discovery.

**3. Prejudice to Defendants**

The Defendants will suffer no cognizable prejudice if Plaintiffs are granted leave to conduct expedited discovery. Plaintiffs' request for expedited discovery is narrowly tailored to include only the information necessary to identify and locate the persons and/or entities propagating an illegal campaign that harmed Plaintiffs and their customers. Further, the requested discovery is directed at non-parties, not the Defendants. Granting "third party document requests will not impose a significant burden upon [D]efendants," *Renaud*, 2007 WL



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

98465, at *3. Accordingly, Defendants will suffer no cognizable prejudice if the Court grants Plaintiffs' motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to grant leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas to obtain information from email service providers, banks, and virtual private server/internet service providers utilized by the Defendants or associated with the Defendants' illegal counterfeiting scheme. Plaintiffs may request leave to serve additional Rule 45 subpoenas on any other companies to the extent they are identified in subpoena responses as having responsive information for the limited purpose of identifying and locating the Defendants and other bad actors responsible for the illegal counterfeiting scheme alleged in the Complaint.

DATED this 31st day of March, 2021.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: laurenrainwater@dwt.com

*s/ Scott R. Commerson*
Scott R. Commerson (admitted *pro hac vice*)
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

*s/ Anna R. Buono*
Anna R. Buono, WSBA #56580
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: annabuono@dwt.com