|   |   |
|---|---|
| 1 | The Honorable Ricardo S. Martinez |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and SALVATORE FERRAGAMO S.P.A., an Italian corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>LI YONG, an individual d/b/a PHIL BALDINIE; YANTAITIANMINGWANGLUOKEJIYOUXIANGONGSI, a Chinese entity d/b/a PHIL BALDINIE; WU PIANPIAN, an individual d/b/a HEFEI YANZI TRADING COMPANY; HEFEIZANZISHANGMAOYOUXIANGONGSI, a Chinese entity d/b/a HEFEI YANZI TRADING COMPANY; and DOES 1-10,<br><br>        Defendants. | Lead Consolidated Case No. 2:21-cv-00170-RSM |
| AMAZON.COM, INC., a Delaware corporation; and SALVATORE FERRAGAMO S.P.A., an Italian corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>ZHAO HAO JUN, an individual d/b/a ZHAOHA032OJUN; ZHANG LIANFA, an individual d/b/a CANGZHOUSHUOFENGDIANZIKEJIZZX; CANGZHOUSHUOFENGDIANZIKEJIYOUXIANGONGSI, a Chinese entity; GUOXIN DAI, an individual; and DOES 1-10,<br><br>        Defendants. | Member Consolidated Case: 2:21-cv-00171-RSM<br><br>**ORDER GRANTING PLAINTIFFS' SUPPLEMENTAL MOTION FOR EXPEDITED DISCOVERY IN *YONG* CASE** |

## I. INTRODUCTION

This matter is before the Court on Plaintiffs Amazon.com, Inc. ("Amazon") and Salvatore Ferragamo S.p.A. ("Ferragamo") (collectively, "Plaintiffs")'s Supplemental Motion for Expedited Discovery in *Yong* Case. Dkt. # 32. Defendants have not yet appeared in this matter. For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

On February 11, 2021, Plaintiffs filed two actions, which have been consolidated in this case: *Amazon.com, Inc., et al. v. Yong*, et al. ("*Yong*"), and *Amazon.com, Inc., et al. v. Jun, et al.* ("*Jun*"). Plaintiffs initiated the *Yong* action against Defendants Li Yong and Yantaitianmingwangluokejiyouxiangongsi, doing business as Phil Baldinie; Wu Pianpian, doing business as Hefei Yanzi Trading Company; Hefeizanzishangmaoyouxiangongsi, doing business as Hefei Yanzi Trading Company; and DOES 1-10 (collectively, "*Yong* Defendants") alleging trademark infringement, false designation of origin, and false advertising under the Lanham Act and the Washington Consumer Protection Act. Dkt. #1. Plaintiffs' claims arise from the *Yong* Defendants' alleged operation of various seller accounts on Amazon's online store to unlawfully advertise and sell counterfeit belts using the Ferragamo trademark. *Id.* at ¶¶ 49–76.

On March 31, 2021, Plaintiffs in both the *Yong* and *Jun* cases filed motions for expedited discovery. Dkt. #12. The Court granted Plaintiffs' motions in both cases. Dkt. #15. In *Yong*, the Court granted Plaintiffs leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on five companies including Payoneer, a virtual payment processor that facilitates payments into U.S. bank accounts for transfer to overseas accounts, for the purpose of obtaining information to identify the Defendants. *Id.* At the time of their initial motion, Plaintiffs believed that the *Yong* Defendants were clients of Payoneer. Dkt. #13 at ¶ 6.

Plaintiffs maintain that they are still unable to locate the current whereabouts of the *Yong* Defendants or determine the full scope of their counterfeiting scheme. Dkt. 33 ¶ 2. Based on the initial discovery Plaintiffs received and Amazon's further investigation, Plaintiffs have now determined that the *Yong* Defendants were not using Payoneer as their payment service provider and that they actually registered virtual bank accounts administered by a different virtual payment

service provider, PingPong Global Solutions, Inc. ("PingPong"). *See* Dkt. #34 ¶ 5. For that reason, Plaintiffs now move for leave to serve a subpoena on Ping Pong, for purposes of obtaining information to identify the *Yong* Defendants, locating the current whereabouts of known and unknown Defendants, and obtaining key information about the location of counterfeit goods and proceeds from their sale. Dkt. #32; Dkt. #33 ¶ 3.

## II. DISCUSSION

### A.  Motion for Expedited Discovery

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Sovereign Bank v. Terrence Scott Twyford*, Jr., No. C11-1256RSM (W.D. Wash. Aug. 16, 2012) (adopting the "good cause" standard for motions for expedited discovery); *Renaud v. Gillick*, 2007 WL 98465 (W.D. Wash. 2007) (finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating plaintiff's request for expedited discovery"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving party are the sine qua non of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Renaud*, 2007 WL 984645, at *2.

The Court previously found good cause for expedited discovery in this matter where Plaintiffs exercised diligence in attempting to identify the *Yong* Defendants through publicly available information and sought the discovery to identify the *Yong* Defendants. Dkt. # 15 at 5. For the same reasons, the Court finds good cause for expedited discovery on Ping Pong. Here,

Plaintiffs have exercised diligence in attempting to identify the *Yong* Defendants, and their intent in seeking expedited discovery to identify these defendants justifies their request. The Court likewise finds minimal prejudice to Defendants if Plaintiffs are granted leave to conduct expedited discovery. Their discovery is narrowly tailored to seek information only from the virtual payment service provider associated with the bank accounts linked to the *Yong* Defendants' alleged counterfeiting activities. Dkt. # 33 ¶ 3. Furthermore, Plaintiffs have requested discovery directed at non-parties—not Defendants—which courts recognize as "not impos[ing] a significant burden upon defendants." *Renaud*, 2007 WL 98465, at *3.

Accordingly, the Court finds sufficient good cause to grant expedited discovery as to Ping Pong.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Supplemental Motion for Expedited Discovery in *Yong* Case, Dkt. #32. Accordingly, the Court hereby ORDERS:

(1) Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve a Rule 45 subpoena on Ping Pong, solely for the purpose of obtaining information that help identify the *Yong* Defendants.

(2) Plaintiffs shall provide a copy of this Order with each subpoena issued pursuant thereto.

DATED this 2nd day of June, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' SUPPLEMENTAL MOTION FOR
EXPEDITED DISCOVERY IN *YONG* CASE- 4
(No. 2:21-cv-00170-RSM)