UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC, *et al.*, <br><br>                    Plaintiffs, <br><br>         v. <br><br> LI YONG, *et al.*, <br><br>                    Defendants. | Case No. C21-170-RSM <br><br> ORDER TO SHOW CAUSE |

Pending in the Western District of Washington are numerous cases brought by Plaintiff Amazon.com, Inc. and Amazon.com Services, LLC (collectively, "Amazon"), together with other intellectual property owners, against third parties allegedly facilitating the sale of counterfeit products in the Amazon.com store. Amazon refers to these cases as "Counterfeit Enforcement Actions." As of the end of January 2023, there were 57 Counterfeit Enforcements Actions pending, including some consolidated actions.

On March 7, 2023, Chief United States District Judge David G. Estudillo issued In re: Amazon Counterfeit Enforcement Litigation, General Order 03-23 (hereinafter, the "General Order"), which is attached to this Order. The General Order seeks to provide consistency and achieve efficiencies within the District in handling and deciding requests for pre-service

ORDER - 1

discovery and alternative methods of service in these Counterfeit Enforcement Actions, by referring all service issues in the Counterfeit Enforcement Actions to designated Magistrate Judges. The General Order requires counsel for Amazon to file a Notice in CM/ECF identifying the matter as a Counterfeit Enforcement Action subject to the General Order before the Court can take any referral action. *See* General Order at 2 ¶ 2.

This matter is one of the 57 Counterfeit Enforcement Actions originally identified by Amazon in their January 25, 2023, letter to United States District Judge Marsha J. Pechman. Further, before the Court are two motions related to alternate methods of service: (1) Plaintiffs' Motion for Leave to File Over-Length Ex Parte Motion for Alternate Service (Dkt. #41); and (2) Plaintiffs' Motion for Alternative Service (Dkt. #41).

Accordingly, the Court hereby ORDERS Plaintiffs to SHOW CAUSE why the Court should not refer this matter to the designated Magistrate Judges per the General Order or, alternatively, file the requisite Notice to initiate the General Order's referral process. Plaintiffs shall file a response, or the Notice, no later than **seven (7) days** from the date of this Order.

DATED this 10th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: AMAZON COUNTERFEIT ENFORCEMENT LITIGATION | GENERAL ORDER 03-23 |

    Pending in the Western District of Washington are numerous cases brought by Amazon.com, Inc. and Amazon.com Services, LLC (collectively, "Amazon"), together with other intellectual property owners, against third parties allegedly facilitating the sale of counterfeit products in the Amazon.com store. Amazon refers to these cases as "Counterfeit Enforcement Actions." As of the end of January 2023, there were 57 Counterfeit Enforcements Actions pending, including some consolidated actions. These 57 actions have been distributed randomly to various District Judges. Based on the nature of these actions and Amazon's stated

- 1

intentions, the District expects additional Counterfeit Enforcement Actions will be filed with some regularity and frequency in the next couple of years (and possibly beyond).

The Counterfeit Enforcement Actions appear to share common issues and challenges related to the identification and ultimate service of named and unnamed defendants. To identify and serve the proper defendants in the Counterfeit Enforcement Actions, Amazon frequently requests pre-service discovery and authority to engage in alternative methods of service on identified defendants.

To provide consistency and achieve efficiencies within the District in handling and deciding requests for pre-service discovery and alternative methods of service in these Counterfeit Enforcement Actions, the Court concludes it appropriate to refer all service issues in the Counterfeit Enforcement Actions to designated Magistrate Judges.

Accordingly, it is hereby ORDERED as follows:

1. The designated Magistrate Judges referred to in this General Order are Magistrate Judges Michelle L. Peterson, Brian A. Tsuchida, and S. Kate Vaughan.

2. Upon the filing of an Amazon Counterfeit Enforcement Action, counsel for Amazon shall file a Notice in CM/ECF identifying the matter as a Counterfeit Enforcement Action subject to this General Order. The Notice shall inform the assigned District Judge that pursuant to this General Order, the assigned District Judge may refer the action to the designated Magistrate Judges to handle all issues related to service.

3. Upon filing of the Notice of Counterfeit Enforcement Action, the assigned District Judge may issue an order referring all issues related to service to the designated Magistrate Judges identified in this General Order. After the referral order is filed,

the Clerk of the Court shall randomly and evenly distribute the referrals to the designated Magistrate Judges.

4. The designated Magistrate Judges shall formulate and utilize common practices and procedures for reviewing and determining requests for pre-service discovery and alternative service methods.

5. After completion of service on all defendants or upon the determination by the designated Magistrate Judge that Amazon is unable or has failed to complete service on a defendant or defendants, the referral shall be terminated, and the matter shall be returned to the assigned District Judge to complete the litigation and/or dismiss the action for lack of service.

6. It is expected that in some Counterfeit Enforcement Actions Amazon may seek pre-service discovery or alternative methods of service only as to certain defendants rather than all defendants. This would occur in instances where Amazon successfully serves a defendant without the need for pre-service discovery or alternative methods of service. In these types of cases, the assigned District Judge will determine whether to stay the litigation against the served defendant(s) while the designated Magistrate Judges shall address service as to the other defendants.

7. In the event a referral is terminated and there becomes a need to refer additional service issues in a particular case to the designated Magistrate Judges, the individual Magistrate Judge who was assigned the original referral shall handle the new referral.

8. Nothing in this General Order prohibits a District Judge from determining, in their discretion, not to refer an Amazon Counterfeit Enforcement Action to the designated Magistrate Judges.

GENERAL ORDER 03-23 - 3

9. For Counterfeit Enforcement Actions currently pending within the District as of the date of this General Order, the Clerk of the Court shall identify which Counterfeit Enforcement Actions have been referred to a designated Magistrate Judge and shall ensure there is even distribution of the Counterfeit Enforcement Actions amongst the designated Magistrate Judges.

IT IS SO ORDERED.

Dated this 7th day of March, 2023.

David G. Estudillo
Chief United States District Judge