UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., et al.,

                    Plaintiffs,

          v.

LI YONG, et al.,

                    Defendants.

Case No. C21-0170-RSM-SKV

ORDER GRANTING PLAINTIFFS'
EX PARTE MOTION FOR
ALTERNATIVE SERVICE

INTRODUCTION

    Plaintiffs Amazon.com, Inc. (Amazon) and Salvatore Ferragamo S.p.A. (Ferragamo)

filed an *Ex Parte* Motion for Alternative Service.  Dkt. 42.  They seek an order authorizing

completion of service of process by email on Guoxin Dai (Dai), the sole remaining Defendant in

this matter.  The Court, having considered the motion, all documents filed in support, and the

balance of the record, herein GRANTS Plaintiffs' motion for the reasons set forth below.

BACKGROUND

    This matter involves consolidated actions alleging trademark infringement, false

designation of origin and false advertising under the Lanham Act, and violations of the

Washington Consumer Protection Act associated with the sale of counterfeit Ferragamo belts in

the Amazon.com store ("Amazon Store").  *See* Dkts. 1 & 17; *Amazon v. Jun*, C21-0171-RSM

(Dkt. 1).  In addition to Dai, Plaintiffs named as Defendants:  (1) Li Yong; (2)

Yantaitianmingwangluokejiyouxiangongsi ("Yantai Tianming Network Technology Co., Ltd.");

(3) Wu Pianpian; (4) Hefeizanzishangmaoyouxiangongsi ("Hefei Yanzi Trading Company"); (5)

Zhao Hao Jun; (6) Zhang Lianfa; and (7) Cangzhoushuofengdianzikejiyouxiangongsi

("Cangzhou Shuofeng Electronic Technology Co., Ltd.").  *Id.*  Their claims relate to the

following four Amazon "Selling Accounts":  (1) Phil Baldinie; (2) Hefei Yanzi Trading

Company; (3) Zhaoha320jun ("Zhaoha"); and (4) Cangzhoushuofengdianzikejiyouxiangongsi

("Cangzhou").  Dkt. 44, ¶4.

Plaintiffs discovered through investigation that Defendants had provided invalid

addresses in connection with the Selling Accounts, including, for example, addresses for vacant

buildings, unrelated businesses, and nonexistent locations.  Dkt. 43, ¶¶2-4; Dkt. 44, ¶¶6-7.  As

authorized by the Court, Plaintiffs conducted third-party discovery, including discovery

associated with email addresses provided for the Zhaoha and Cangzhou Selling Accounts,

respectively, Ba25457@163.com and Zznub3xz@163.com.  Dkt. 43, ¶¶5, 7; Dkt. 44, ¶4.  They

also issued discovery requests to banks and payment service processors utilized to receive

proceeds from the sale of products in the Amazon Store.  Dkt. 43, ¶¶5, 7.  The discovery showed

that both the Zhaoha and Cangzhou Selling Accounts were linked to a single Payoneer Inc.

(Payoneer) Selling Account registered by Dai.  *Id.*, ¶7.

Payoneer's document production also revealed physical addresses located in China and

associated with Dai.  *Id.*, ¶9.  However, through further investigation, Plaintiffs found each

address was either falsified or occupied by businesses unrelated to Dai or the matter before the

1    Court.  *Id.*  Payoneer's production likewise demonstrated that all of the IP addresses from which

2    Dai accessed their Payoneer account trace back to China.  *Id.*, ¶10.

3        The discovery did not, on the other hand, reveal any information on Zhao Hao Jun, Zhang

4    Lianfa, or Cangzhou Shuofeng Electronic Technology Co., Ltd., the Defendants originally

5    named in connection with the Zhaoha and Cangzhou Selling Accounts.  *Id.*, ¶8.  Nor did

6    Plaintiffs find information related to the Phil Baldinie and Hefei Yanzi Trading Company Selling

7    Accounts sufficient to confirm the identities of the Defendants originally named in connection

8    with those accounts or the identity of individuals or entities responsible for those accounts.  *Id.*,

9    ¶6.  Plaintiffs, accordingly, recently dismissed all Defendants other than Dai.  Dkt. 50.

10       As related to Dai, Plaintiffs contend it can be inferred from the discovery that Dai

11   controls the activities of the Zhaoha and Cangzhou Selling Accounts.  Dkt. 43, ¶7.  They

12   assert that Amazon's records reflect that Dai provided the above-described email addresses in

13   order to access the Selling Accounts and do business in the Amazon Store, and that the addresses

14   are the primary means of communication from Amazon to the individuals or entities associated

15   with the accounts.  *See* Dkt. 44, ¶¶4-5.  On March 23, 2023, Plaintiffs sent emails to Dai at both

16   of the email addresses, apprising Dai of the pending actions and providing copies of the

17   Amended Complaint, civil cover sheet, and summonses.  Dkt. 43, ¶12.  Plaintiffs did not receive

18   error notices, bounce-back messages, or any other indication that the emails had not been

19   delivered.  *Id.*  They now move for an order authorizing them to complete service of process on

20   Dai by email.

21                                                  DISCUSSION

22       Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign

23   countries by:  (1) internationally agreed means of service reasonably calculated to give notice,

1    such as those authorized by the Hague Convention on the Service Abroad of Judicial and

2    Extrajudicial Documents; (2) if there is no internationally agreed means, in accordance with the

3    foreign country's law; or (3) "by other means not prohibited by international agreement, as the

4    court orders." Fed. R. Civ. P. 4(f)(3).  To obtain a court order under Rule 4(f)(3), a plaintiff must

5    "demonstrate that the facts and circumstances of the present case necessitate[] the district court's

6    intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

7            In addition to the requirements of Rule 4(f), "a method of service of process must also

8    comport with constitutional notions of due process." *Id*.  "To meet this requirement, the method

9    of service crafted by the district court must be 'reasonably calculated, under all the

10   circumstances, to apprise interested parties of the pendency of the action and afford them an

11   opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover*

12   *Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

13   A.    Rule 4(f)

14          Plaintiffs assert their inability to locate a physical address for Dai.  *See* Dkt. 43, ¶11.

15   Plaintiffs' investigation revealed that Dai resides at an unknown location overseas, likely in

16   China.  China has been a party to the Hague Convention since 1992.  *See* Contracting Parties to

17   Hague Convention, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last

18   visited April 24, 2023).

19          The Hague Convention expressly "shall not apply where the address of the person to be

20   served with the document is not known."  Hague Convention, T.I.A.S. No. 6638 (Feb. 10, 1969),

21   20 U.S.T. 361, 1969 WL 97765.  Here, because they have been unable to locate a physical

22   address for Dai, Plaintiffs could not utilize methods authorized by the Hague Convention.

23   Moreover, because the Convention does not apply, it does not bar service by email.

ORDER GRANTING PLAINTIFFS' EX PARTE
MOTION FOR ALTERNATIVE SERVICE - 4

Whether or not the Hague Convention applies, this Court and other courts have concluded that email service on individuals located in China is not prohibited by the Hague Convention or by any other international agreement. *See, e.g., Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, C18-1530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (email service in China "not expressly prohibited by international agreement"). *See also Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, No. C21-0766-RSM, 2021 WL 4307067, at *1-2 (W.D. Wash. Sept. 22, 2021) (stating "courts in this district regularly authorize requests for service by email on foreign defendants in countries that are parties to the Convention" and granting motion for alternative service in China and Hong Kong).

Plaintiffs here demonstrate the need for the Court's intervention. The Court further finds that service by email is not prohibited by international agreement. Plaintiffs therefore show that an Order permitting service by email comports with Rule 4(f).

B.   Due Process

The Court must also determine whether service of process on Dai through email would comport with due process. That is, the Court must consider whether this method of service is "reasonably calculated, under all the circumstances," to apprise Dai of this action and afford Dai the opportunity to object. *Mullane*, 339 U.S. at 314.

Plaintiffs show that Dai registered two email addresses with Amazon in order to create the Zhaoha and Cangzhou Selling Accounts and conduct business on Amazon, that those email addresses serve as the primary means of communication between Amazon and Dai, and that the addresses remain active, as demonstrated by test emails sent successfully and with no indication of a failure to deliver. *See* Dkt. 43, ¶12; Dkt. 44, ¶5. Plaintiffs argue that this showing supports

1    the conclusion that service on Dai by email is reasonably calculated to provide Dai with actual
2    notice.

3           As found by the Ninth Circuit, the decision to allow service by email lies within the
4    district court's discretion where the defendant has "structured its business such that it could be
5    contacted *only* via its email address" and "designated its email address as its preferred contact
6    information." *Rio Props., Inc.*, 284 F.3d at 1018 (emphasis in original).  The situation here is
7    somewhat less clear because Amazon at some point blocked the Selling Accounts at issue.  Dkt.
8    28 (First Amended Complaint), ¶48.  As a result, Dai no longer conducts business with Amazon
9    through the accounts.  Plaintiffs have, however, verified that the email addresses registered by
10   Dai and associated with the Selling Accounts remain active.

11          This Court has concluded that the due process requirement for alternative service by
12   email is satisfied "when the plaintiff demonstrates that the email addresses at issue are valid and
13   are successfully receiving messages." *Amazon.com Inc. v. KexleWaterFilters*, C22-1120-JLR,
14   2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023).  The Court has, accordingly, authorized
15   service by email where plaintiffs identified email addresses defendants used for Amazon Selling
16   Accounts and verified the addresses remained active, finding sufficient indicia that the
17   defendants were likely to receive notice if served by email and due process concerns satisfied.
18   *Amazon.com Inc. v. Bamb Awns*, No. C22-402-MLP, 2023 WL 2837076, at *3 (W.D. Wash.
19   Apr. 7, 2023).  *Accord Bright Sols. for Dyslexia, Inc. v. Lee*, C15-1618, 2017 WL 10398818, at
20   *7 (N.D. Cal. Dec. 20, 2017) (finding service by email proper "because Defendants structured
21   their counterfeit business such that they could only be contacted by email[,]" the court authorized
22   service by email, and the emails sent did not bounce back as undeliverable), *report and*
23   *recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).  In contrast, where

plaintiffs did not indicate whether they had attempted to contact any defendants using email addresses associated with Amazon Selling Accounts, nor represented the defendants had notice of the lawsuit, the Court denied service by email upon finding a failure to demonstrate the email addresses were still valid. *KexleWaterFilters*, 2023 WL 2017002, at *2, 4 (permitting plaintiffs to "renew their motion with evidence of recent communications to Defendants that demonstrates that service by email is a reliable method to provide Defendants with notice of the pendency of [the] action.") *See also Amazon.com, Inc. v. Tian Ruiping*, No. C21-0159-TL, 2022 WL 486267, at *3-5 (W.D. Wash. Feb. 17, 2022) (denying alternative service by email where plaintiffs had obtained physical addresses for defendants, but did not demonstrate the addresses were incorrect or inadequate for service, did not show any defendant was aware of the pending action, and did not indicate any attempts to contact defendants, including attempted communication via email, through Selling Accounts, or by any other means).

Plaintiffs here demonstrate that all physical addresses obtained in relation to Dai were incorrect or otherwise inadequate for service. They also demonstrate that email addresses used by Dai to register Amazon Selling Accounts, serving as the primary means of communication with Amazon, and used to conduct business in the Amazon Store remain active. Together, these circumstances provide sufficient indicia that Dai is likely to receive notice if served by email. The Court therefore finds service through email is reasonably calculated to apprise Dai of this action and provide an opportunity to respond, and thus satisfies concerns of due process.

<u>CONCLUSION</u>

The Court, in sum, GRANTS Plaintiffs' *Ex Parte* Motion for Alternative Service. Dkt. 42. Specifically, the Court authorizes Plaintiffs to serve Defendant Guoxin Dai via the following

email addresses:  (1)  Ba25457@163.com; and (2) Zznub3xz@163.com.  Plaintiffs are

ORDERED to complete service and file proof of service by **May 9, 2023**.

Dated this 25th day of April, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge